```
UNITED STATES DISTRICT COURT
  MIDDLE DISTRICT OF TENNESSEE
       NASHVILLE DIVISION

ANTONIO D. DIXON,              )
                               )
       Plaintiff               )
                               )    No. 3:11-0784
v.                             )    Judge Sharp/Brown
                               )    **Jury Demand**
WEST NASHVILLE WRECKER SERVICE )
and UNITED ROAD TOWING, INC.,  )
                               )
       Defendants              )
```

**TO: THE HONORABLE KEVIN H. SHARP**

### REPORT AND RECOMMENDATION

Presently pending is the Defendants' motion for summary judgement to which no response has been filed (Docket Entry 40).

For the reasons stated below the Magistrate Judge recommends that this motion for summary judgment be **GRANTED** and this case dismissed with prejudice.

### BACKGROUND

The Plaintiff filed this Title VII case *pro se* and was approved to proceed *in forma pauperis* and the matter was referred to the undersigned for case management and a report and recommendation on any dispositive matters (Docket Entry 4). The complaint (Docket Entry 1) alleges that he was discriminated against on the basis of race because he did not receive an evaluation as white employees received, and that because of this he was not given a raise commensurate with white employees. He further alleges that after he complained, he was terminated. Attached to his complaint was his

right to sue letter, which stated it was mailed to him on May 17, 2011.

His complaint was filed on August 17, 2011. The initial case management order in this matter (Docket Entry 19) summarized the Plaintiff's theory of the case as:

> While I was an employee of Defendants I was denied more lucrative assignments and/or promotions in violation of my rights pursuant to Title VII of the 1964 Civil Rights Act (42 U.S.C. § 2000e, *et seq*.) and the laws of Tennessee (T.C.A. § 4-21-101, *et seq*.).

The Defendants' theory of the case was stated as:

> Dixon –who is African-American– alleges that he was terminated because of his race after complaining that he was not given a performance evaluation. Dixon worked for Defendant West Nashville Wrecker Service as a tow truck Driver. Dixon was terminated on April 22, 2009, after several instances of repeatedly refusing work assignments and insubordination. Moreover, Dixon's discrimination claims is baseless because no driver received a performance review in 2009, and West Nashville has had a pay freeze in place since 2007.

Following the initial case management conference the Court had difficulty in communicating with the Plaintiff, *see* Docket Entry 24, where the Plaintiff was specifically warned that the consequences of failing to communicate with the Court and to respond to discovery requests. Subsequently, the Plaintiff again missed a telephone conference with the Court. (Docket Entry 31).

The Plaintiff did file an explanation for this failure to participate (Docket Entry 34), but the Magistrate Judge specifically warned the Plaintiff that he had two strikes, and a third strike would likely mean that he was out. He was also reminded that the

2

scheduling order needed to be followed and that he should read it carefully and comply.

Following the completion of discovery, the Defendants filed a motion for summary judgment on July 23, 2012 (Docket Entry 40), supported by a statement of material facts in accordance with Rule 56(docket Entry 41), and a memorandum of law in support of their motion (Docket Entry 42). As of the date of this report and recommendation the Plaintiff has failed to respond to either the statement of material facts or to the motion itself.

### LEGAL DISCUSSION

Under the Local Rules, failure to oppose a motion can be taken to mean that there is no opposition to the motion. Likewise, failure to respond to a statement of material facts means that those statements are accepted as true. *See Stough v. Mayville Community Schools*, 138 F.3d 612 (6th Cir. 1998).

Nevertheless, the Magistrate Judge must review the motion for summary judgment to insure that no disputed facts remain.

The following facts taken from Docket Entry 41 are, therefore, uncontested. These facts include(1) the Plaintiff worked duties included transporting cars from auto auction; (2) on April 22, 2009, Operations Manager Healy asked Dixon to transport two cars to an auto auction. Dixon did not take the cars to the auction; (3) that effective April 23, 2009, West Nashville terminated Dixon based on his prior disciplinary history, including incidences of insubordination and his failure to accept the assignment from Healy

3

the previous day; (4) the Plaintiff received his right to sue letter from the EEOC on May 18, 2011, and filed his lawsuit on August 17, 2011.

The Magistrate Judge in preparing this report and recommendation has relied on the usual standards for summary judgment as set forth in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

The Magistrate Judge has read the Defendants' motion for summary judgment and the attachments in the memorandum of law. The Plaintiff is required under the holding of *McDonnell Douglas v. Green*, 411 U.S. 792 (U.S. 1973) to come forward with some evidence of discrimination once the Defendants have put forth a non-discriminatory basis for the actions they took. In this case the Defendants have set forth a long list of disciplinary writeups taken against the Plaintiff, as well as a stated policy that, with one exception, no raises were given to any employees during the time the Plaintiff complains about.

The Plaintiff has not come forward with any evidence to refute these contentions. In fact, in reviewing the Plaintiff's deposition excerpts cited in their memorandum, the Plaintiff repeatedly refused to answer question in his deposition asking for the basis for his claims. He was specifically asked whether race had anything to do with his being fired, and he refused to answer that question (Docket Entry 42, p. 9). He was asked if he had knowledge of other drivers who had received 10 written warnings, but

4

were not fired. He testified in his deposition that he did not know any of the other drivers' records (Docket Entry 42, p. 11).

Again, when Plaintiff was specifically asked if he had actual evidence or basis to believe that any action was taken based on his race, he stated that he would rather not answer that question right then, and that he took the Fifth on that question (Docket Entry 42, p. 13).

The transcript of his deposition basically negates any efforts by the Plaintiff to rebut the Defendants' contention that they acted appropriately in terminating his employment, and that such termination was not based on race.

The Plaintiff brought this lawsuit, and when questioned about the basis for it, he cannot decline to answer such questions. By declining to answer these questions, he basically admitted that he had no basis for his lawsuit. The Magistrate Judge cannot see any justification for the Plaintiff to claim the Fifth Amendment.

Thus, on the merits, the Magistrate Judge believes that the Defendants have shown a non-discriminatory basis for the action they took, and the Plaintiff has failed to refute those contentions and, accordingly, summary judgment is appropriate.

The Defendants also raised the issues that the Plaintiff filed his lawsuit out of time. The Plaintiff states he received his right to sue letter on May 18, 2011, one day after it was mailed, and that he filed his lawsuit on August 17, 2011. While the Defendants state that this is 92 days, the Magistrate Judge

5

calculates it as 91 days. The Sixth Circuit has held that even filing a few days late can constitute an untimely filing, which requires the case be dismissed. *See McKibben v. Hamilton County*, 2000 WL 761876 (6th Cir. May 30, 2000).

A Plaintiff would normally have a presumption that the right to sue letter was received five days after it was mailed, *Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 557-58 (6th Cir. 2000). If that presumption is applied, this case is timely filed. However, in this case, in his complaint the Plaintiff specifically alleges that he received the right to sue letter one day after it was mailed. The Sixth Circuit cases do not seem to address the issue of whether a Plaintiff's actual receipt of the notice in less than five days shortens the five-day presumption.

It is certainly possible to read the *Graham-Humphreys* case as allowing, in effect, 95 days in all cases. The cases normally turn on whether the Plaintiff can show actual receipt more than five days after the date of mailing. The Magistrate Judge did not find a case where the Court addressed the issue of a Plaintiff stating that he received the letter early.

Rule 6(d) provides that three days may be added to various matters for services made under Rule 5(b)(2)(c)(d) or (f). If this Rule were applied to the right to sue letter, then the Plaintiff would be in time, even without considering the fact that the Sixth Circuit allows a five-day presumption of receipt for EEOC right to sue letters.

6

Rule 6(d) gives a party three days, even though the party may well receive service within the three days. A prime example is that three days are allowed for service by email, which can easily be demonstrated as received and opened by a party the day it was sent. While the right to sue letter is not technically the type of pleading covered by Rule 5(b)(2), if the logic of the extension is applied, the five-day presumption would indicate that the Plaintiff timely filed.

The Magistrate Judge will, therefore, not base his recommendation on the issue of timeliness, but rather base his recommendation on the substantive issues that the party opposing a motion for summary judgment must show sufficient evidence to create a genuine issue concerning a material fact. A mere "scintilla of evidence" is insufficient. *Bell v. Ohio State University*, 351 F.3d 240, 247 (6th Cir. 2003). In this case the Magistrate Judge cannot find a scintilla of admissible evidence in opposition.

**RECOMMENDATION**

For the reasons stated, the Magistrate Judge recommends that the motion for summary judgment be **GRANTED** and that this case be **DISMISSED** with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have

7

**14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

/S/ Joe B. Brown
_____
JOE B. BROWN
United States Magistrate Judge